Tilghjían, C. J.
delivered the court’s opinion.
This is a scire facias against special bail. On the 4th day after the return of the writ, the defendant having the principal in court, ready to be surrendered, obtained a rule on the plaintiffs to shew cause, *25 why the surrender should not be made, as of the first day of the term, and an exoneretur entered on the bail piece. The court held the case under advisement until the 21st January following, and then ordered that the rule should be made absolute, the defendant paying the costs of his rule, and also the costs of the sci. fa. On this the principal was immediately surrendered, and an exoneretur entered.
Two questions have been made: 1st, Whether the bail was entitled to four days for surrender, after the return day of the writ. 2d, Supposing he was, whether the surrender ought not to have been made on the fourth day, and not delayed till the 21st January, when the court made the rule absolute. As it is the desire of the bar to have the practice settled by the opinion of this court, we will give our opinion, although we do not consider the case as brought regularly before us, because it does not appear by the record, that the sci. fa. has been finally disposed of in the court below. . There has been neither judgment nor discontinuance entered. And even if the sci. fa. had been ended, it would be a question, whether an order for an exoneretur bek the subject for a writ of error.
We consider it as settled by long practice and understanding, that the bail has till the quarto die post, to make the. surrender. It was so decided by this court, before the revolution, and has been so held ever since. Prior to the revolution we had no printed reports; and, if no ease on this point has been reported since, it probably is, because the law has been considered as too well settled to admit of dispute.
The principal was in court ready to be surrendered within the four days; and if the plaintiff had consented to accept the surrender and enter an exoneretur, he would have been immediately surrendered. But, as the court thought proper to hold the case under advisement, we do not think it right that the bail should suffer for it. The court might have ordered the surrender to be made, and committed the principal, while they kept the matter under consideration; but they did not, and it was understood, that until they decided, every thing respecting the surrender should remain in statu quo. Under these circumstances, we think the bail should be protected; and we should not reverse the order for the exonere-tur, even if the case could be brought before us in such a shape as-would authorise us to decide on it.