## Cowles *against* Brawley.

Special bail has until the *quarto die post* of the *scire facias* to surrender his principal; but the first day of the term is not excluded in the computation.

ERROR *to the common pleas of* Crawford *county.*

This was a *scire facias* upon a recognizance, in which the plaintiff in error was the plaintiff below, and the following facts appeared.

In the suit of Wickliffe Cowles *v.* Oliver Cowles, in the common pleas of Crawford county, Brawley, the defendant, was special bail for Oliver Cowles, the defendant in that case. Judgment having been rendered against defendant, and a *capias ad satisfaciendum* to April term 1831 returned *non est inventus*, a *scire facias* against Brawley, as special bail, was issued and served, returnable to August term 1831. That term commenced on Monday the 15th of August. On Friday the 19th, the bail surrendered the defendant. The question is, was the surrender in time? The court below was of opinion that the surrender was in time, and the defendant obtained a judgment.

*Derrickson,* for plaintiff in error, cited, 1 *Tidd* 123; 1 *Com. Prac.* 2; 3 *Black. Comm.* 278; 7 *Comm. Dig., tit. Time, C,* 1.

*Riddle,* for defendant in error, cited, M'Clurg *v.* Bowers, 9 *Serg. & Rawle* 24; Boggs *v.* Teackle, 5 *Binn.* 338; *Ashm.* 75; 2 *Penns. Prac.* 291; Goswiler's Estate, 3 *Penns. Rep.* 200.

The opinion of the Court was delivered by

SERGEANT, J.—In the case of M'Clurg *v.* Bowers, 9 *Serg. & Rawle* 24, it is stated to have been settled by long practice and understanding, that the bail has till the *quarto die post* to make the surrender of his principal. The fourth day of the term inclusive is the *quarto die post.* 3 *Black. Comm.* 278; 1 *Arch. Prac.* 35. No practice or usage exists which varies the rule, and gives to the bail the fourth day of the term exclusive of the first, as has been contended here. It follows that Oliver Cowles, the defendant in the original suit, not having been surrendered by the bail till Friday, which was after the *quarto die post,* the surrender was too late, and the plaintiff was entitled to judgment on his *scire facias.*

Judgment reversed, and judgment for plaintiff.