## SIMMONS v. WEST.

### April 6, 1836.

*Motion for judgment for want of sufficient affidavit of defence.*

After plaintiff has *moved* for judgment, under the 2d section of the act of the 28th of March 1835, for want of a sufficient *affidavit* of defence, the defendant cannot, without leave of the court, file a supplemental *affidavit.*

THIS was an action against the drawer of a promissory note, brought to the February return day of December term 1835. Within two weeks after the return of the original process, the plaintiff filed in the office of the prothonotary, a copy of the note, under the 2d section of the act of the 28th of March 1835.

On the 19th day of February 1836, the defendant filed an *affidavit* of defence.

On the 15th of March 1836, *Haly,* for the plaintiff, *moved* the court for judgment, under the said section of the act of the 28th of March 1835, for want of a *sufficient affidavit* of defence ; when the court granted a rule on the defendant to *show cause* why judgment should not be entered for want of a sufficient *affidavit* of defence.

On the 19th of March 1836, during the pendency of the rule, the defendant deposited in the prothonotary's office a further *affidavit* of defence, without asking the leave of the court to file the same.

On the hearing of the rule, *Fallon,* for the defendant, contended, that until judgment was actually entered, the defendant, without applying to the court for leave, had the right to file an *affidavit* of

[Simmons v. West.]

defence, stating the nature and character of the defence, though he had already filed an imperfect *affidavit*, and though the plaintiff had, on or after the third Saturday succeeding the return day, *moved* for judgment.

*Haly, contra.*

The opinion of the Court was delivered by

PETTIT, *President.*—The right of the plaintiff to a judgment attaches when he makes his motion, if there be no *affidavit* of defence filed stating the nature and character of the same. Where an *affidavit* has been filed which is palpably defective, the court disregard it, and allow the judgment at once. Where the court have the slightest doubt as to its insufficiency, they grant a rule, the object of which is to give the defendant an opportunity of being heard in regard to *that affidavit*. It would, however, be incompatible with the spirit of this rule to leave open to the defendant the power to cure any defect at his own mere pleasure. Without the permission of the court he cannot, after the plaintiff's motion, file a supplemental *affidavit*. Such leave will be given when proper reasons are presented, upon the same principle which enables the court, in a proper case, to let the party into a defence, where the judgment has been actually entered. A sound construction of the act of assembly will justify this course of practice. A different construction would either prevent the court from granting rules, or would lead to constant experiments with defective *affidavits*.

In the case of M'Clurg *v.* Bowers, 9 *Serg. & Rawle* 24, where a question as to an *exoneretur* on a bail piece was raised in due time, and the court below held it under advisement till the *quarto die post* had gone by, the supreme court rejected the idea that the delay could possibly have affected the rights of either party, and declared that every thing had remained *in statu quo.*

Rule absolute.