IN THE

# DISTRICT COURT

FOR THE

## CITY AND COUNTY OF PHILADELPHIA.

SEPTEMBER TERM 1836.

### M'MACKIN v. M'FARLAND, SPECIAL BAIL OF M'FARLAND.

September 10, 1836.

*Rule to quash a writ of scire facias.*

The provision in the 1st section of the act of 28th of March 1835, relative to *fixing* bail, does not relate to the case of special bail. It is confined in practice to the case of bail to the sheriff.

THIS was a *scire facias* on a recognizance of special bail. It was issued to the July return day of June term 1836, being the 4th day of July.

The sheriff made return "*scire feci.*"

All the proper steps in the original action had been duly taken.

On a day subsequent to the *quarto die post*, the defendant in the *scire facias* obtained a rule to show cause why that writ should not be quashed, upon the ground, that, under the act establishing this court, passed on the 28th of March 1835, it had improvidently issued.

*Graham,* for the rule, cited the proviso of the 1st section of the act,

[M'Mackin v. M'Farland.]

as follows: "It shall be the duty of the court to make such rules and regulations respecting proceedings against bail, as will prevent bail from being fixed in any case sooner than if the proviso relative to return days had not been enacted."

*Hirst, contra,* referred to the rule of court of the 7th of November 1835, as follows:

"Whereas by the act of assembly establishing this court, passed on the 28th day of March 1835, the first Monday in each and every month is made a return day for certain kinds of process, and by the same act it is declared to be the duty of the court to make such rules and regulations respecting proceedings against bail as will prevent bail from being fixed in any case sooner than if such monthly return days had not been directed. *It is ordered,* that where relief is asked by the defendant in a suit on a bail bond given to the sheriff, if the writ in the original action was made returnable to the first return day of any term, such term shall be counted as one of the three terms to be regarded by the court according to the practice in such cases, but if the writ in the original action was made returnable to the second or third return day of any term, then such term shall not be so counted."

The opinion of the Court was delivered by

PETTIT, *President.*—In practice the provision of the act of the 28th of March 1835 has been confined to the case of bail to the sheriff. In Pepper *v.* Doores (*ante p.* 60), the grounds upon which the court grant relief in suits on bonds given to the sheriff, were fully explained. It had been however repeatedly made a question, what was the *third* term, where the process in the original action had been made returnable to a monthly return day, that is, the second or third return day of a term. Though the court undoubtedly had full power, under the statute of 5 *Anne,* to regulate the practice, yet it was deemed proper by the legislature to insert in the act of 1835, a directory clause. The rule of court of the 7th of November 1835, accordingly, settled the question in regard to the *term* at which bail to the sheriff would be no longer entitled to relief; and of course would be conclusively *fixed.* In regard to special bail, however, no difficulty existed which it was expedient to remove. Though the liability of such bail is in strictness incurred on the return by the sheriff of "*non est inventus*" to the *ca. sa.* in the original action, yet

[M'Mackin v. M'Farland.]

*ex gratia* the defendant in a *scire facias* on a recognizance of special bail has till the *quarto die post* of the return day to surrender the principal. M'Clurg *v.* Bowers, 9 *Serg. & Rawle* 24. If the *quarto die post* be permitted to pass without a surrender, the special bail is *fixed.* Now whether the *scire facias* be made returnable to a quarterly or to a monthly return day, the grace extended to the bail is precisely the same, and he ought not therefore to be said to be fixed in the one case sooner than in the other. As he has the same notice and the same time allowed to him to relieve himself from the responsibility already in rigid law resting upon him, it is unimportant to him which of the return days may be designated for the return of the writ. The period at which bail to the sheriff will be fixed, if fixed at all, is, in practice, matter of computation at the commencement of the suit, and it was to regulate this that the proviso in question was enacted. The period at which special bail becomes fixed, depends upon process, in regard to the time of issuing which the plaintiff has a wide discretion. The extension of the proviso to the case of special bail, would lead to such serious difficulties, from the very inception of the original action, that the construction could not have been contemplated by the legislature.

Rule discharged.